## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                      **Case No. 24-CR-00393-SEH**

TONY D'ANGELO DAVIS,

      Defendant.

## <u>OPINION AND ORDER</u>

Before the Court is Defendant Tony Davis's unopposed motion for bifurcated trial. [ECF No. 22]. On December 16, 2024, a federal grand jury charged Davis with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e)(1). [ECF No. 2]. The indictment lists nine prior convictions and contains a separate sentencing allegation. [*Id.*]. Trial is currently scheduled to begin March 3, 2025. [ECF No. 15].

Davis moves for a bifurcated trial to separate the guilt phase of his trial from a sentencing enhancement fact-finding phase. [ECF No. 22]. Specifically, he requests that if a jury finds him guilty at the first stage, it would then decide in a second stage whether his prior convictions occurred on occasions separate from one another. [*Id.* at 1, 5–6]. The government does not oppose Davis's request for a bifurcated trial. [*Id.* at 1]. The Court has

reviewed Davis's motion and the caselaw cited within and finds that it should be granted.

Title 18 U.S.C. § 924(e) contains the Armed Career Criminal Act (ACCA), which provides for an enhanced penalty for defendants convicted of violating 18 U.S.C. § 922(g). Davis sufficiently illustrates in his motion the series of Supreme Court caselaw interpreting the ACCA. [ECF No. 22 at 1–5]. Critical here is the Court's recent holding in *Erlinger* that the Constitution requires a jury to unanimously determine beyond a reasonable doubt whether a defendant's prior convictions were committed on separate occasions for ACCA purposes. *Erlinger v. United States*, 602 U.S. 821, 834–35 (2024).

The *Erlinger* Court recognized that "[a]voiding the prejudice associated with the introduction of evidence of past crimes may require careful attention[.]" 602 U.S. at 849. Here, the indictment charges Davis with a violation of § 924(e), contains a separate sentencing allegation, and lists nine prior convictions. [ECF No. 2]. For the jury to make an occasions determination, the government will be required to present evidence related to each of Davis's prior convictions. However, Davis has a right to stipulate to his prior convictions to avoid unfair prejudice. *Old Chief v. United States*, 529 U.S. 172, 655–56 (1997). *Erlinger* provides guidance by illustrating how a jury could make an occasions determination without prejudicing a defendant through use of a bifurcated trial. 602 U.S. at 847–48. Although the

2

illustration is dictum, the Tenth Circuit "considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements." *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996). The dictum in *Erlinger* is recent and not enfeebled by subsequent case law. Therefore, this Court will follow it.

IT IS THEREFORE ORDERED that Defendant's unopposed motion for bifurcated trial [ECF No. 22] is GRANTED.

DATED this 30th day of January, 2025.

_Sara Hill_
_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE